UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKAS HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUUPE,<br><br>　　　　Defendant. | Case No. 1:24-cv-00046-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Lukas Henderson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on January 10, 2024. (Doc. 1.) Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Summary of Plaintiff's Allegations

Plaintiff brings this action against "huupe" or "huppe.com." (Doc. 1 at 2.) Plaintiff alleges that huupe "has stolen and used his patent for the Luca Vision 3D basketball Hoop." (*Id.* at 3.) Plaintiff asserts, "In my example exzaminates page 1. a model of my Luca Vision 3D basketball hoops which patient falls in 2021 model built on display with a soon date of March 28 2022 page 2. show a realse date of May 17 2022 for the Huupe product." (*Id.* at 4) (unedited text). As relief, Plaintiff appears to seek rights to his patent and punitive damages. (*Id.*)

Plaintiff attaches photos and documents to his complaint. The first attachment, page 1, is of poor quality, but purports to show a Luca Vision basketball hoop model and a date. (Doc. 1 at 6.) The second attachment, pages 2-3 appear to be a Facebook post related to huupe's "First Smart Basketball huupe," with a page creation date of May 17, 2022. (*Id.* at 7-8.) Also attached to the complaint are two forms: a "Report on the Filing or Determination of an Action or Appeal Regarding Copyright" and a "Report on the Filing or Determination of an Action or Appeal Regarding a Patent or Trademark." (*Id.* 10-11.)

## III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in

good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable claim. Plaintiff does not clearly state what happened, when it happened, or who was involved. He also does not clearly identify the nature and basis of his claims. If Plaintiff files an amended complaint, it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Patent Infringement

"To assert a patent infringement claim, a plaintiff 'should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement.'" *Green v. Yavruyan*, No. 3:21-cv-1045-GPC(BLM), 2021 WL 2790817, at *2 (S.D. Cal. June 8, 2021) (citations omitted). Here, Plaintiff does not allege that he owns any patent, nor does he allege the acts constituting any alleged infringement of that patent. Although Plaintiff includes a form related to a patent or trademark, he does not identify any patent number related to his Luca Vision 3D basketball hoop. (Doc. 1 at 11.) Because Plaintiff fails to allege that he owns a valid patent, which is a necessary element, the complaint fails to state a claim for patent infringement.

Additionally, Plaintiff may not seek a patent by way of the instant action. The United States Patent and Trademark Office is responsible for "the granting and issuing patents." 35 U.S.C. § 2(a)(1). "The federal courts have no authority to adjudicate inventorship with respect to

pending patents. Congress has explicitly vested the Patent and Trademark Office with sole discretion over the 'granting and issuing of patents.'" *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 334 (5th Cir. 2014) (citing 35 U.S.C. § 2(a)(1)).

### C. Copyright Infringement

"Proof of copyright infringement requires [a plaintiff] to show: (1) that he owns a valid copyright in [a work]; and (2) that [the defendant] copied protected aspects of the work." *Douglas v. Warner Bros. Film*, No. 2:23-cv-02320-TLN-CKD (PS), 2023 WL 7305275, at *2 (E.D. Cal. Nov. 6, 2023) (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020)). To maintain an infringement action, a plaintiff must have registered the subject work with the United States Copyright Office. *Id.* (citing 17 U.S.C. § 411(a)). Here, Plaintiff does not allege ownership of any copyrighted material, nor does he allege that he registered any copyright with the Copyright Office. Although he includes a form related to a copyright, there is no copyright registration number listed on that form. (Doc. 1 at 10.) Because Plaintiff fails to allege that he registered any copyright with the Copyright Office, which is a necessary element of a copyright infringement claim, the complaint fails to state a claim for copyright infringement.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended

4

complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 3, 2025**      /s/ *Barbara A. McAuliffe*
                             UNITED STATES MAGISTRATE JUDGE