UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKAS HENDERSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>HUUPE,<br><br>                    Defendant. | Case No. 1:24-cv-00046-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 6)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Lukas Henderson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on January 10, 2024. (Doc. 1.) On June 4, 2025, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 5.) Plaintiff's first amended complaint, filed on July 1, 2025, is currently before the Court for screening. (Doc. 6.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff brings this action for copyright infringement against defendant "Huupe" or "Huppe." (*See* Doc. 6 at 2, 4.) Plaintiff alleges that he owns a "copywrite office notary" for the Luca Vision 3D basketball hoop. (Doc. 6 at 2.) He further alleges that he has included "a copy of the copywrite which [legalizes] my product a time and date before the Huppe was ever developed." (*Id.*) He claims that the document shows the original notary of the Luca Vision 3D basketball of 11/2021 and "the recertification of the notarty" in 11/7/2022. (*Id.*) He appears to allege that the dates are earlier than the "date of the Huppe make." (*Id.*) As relief, he seeks compensatory and punitive damages.

Plaintiff attaches photos and documents to his complaint. The first attachment, apparently notarized on November 2, 2021, appears to be an annotated drawing of various objects, including a "3D basketball hoop." (Doc. 6 at 7.) The second attachment, apparently notarized on November 7, 2022, is a photograph of poor quality, which is separately labeled "Luca Vision entertainment and Appliances ect.ura" and "Luca Vision 3D basketball hoop" and signed by Plaintiff. (*Id.* at 8.) The third attachment appears to be a screenshot depicting an ebay posting,

1  which includes the following statement: "Luca vision entertainment furniture and appliances ect
2  3d basketball hoop is here for sale." (*Id.* at 9.)  The fourth attachment includes two poor quality
3  photographs, one of which appears to be a basketball hoop, and is described as "Luca Vision
4  entertainment furniture and appliances ect [illegible] hoop model" dated March 28, 2022.  (*Id.* at
5  10.)

### III.  Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable claim. He does not allege the necessary factual elements to support a claim.  He also does not clearly state what happened, when it happened, or who was involved.  Plaintiff's statements are disjointed and difficult to understand, such that the Court is unable to conclude that he states a cognizable claim for relief.

#### B.  Copyright Infringement

"Proof of copyright infringement requires [a plaintiff] to show: (1) that he owns a valid copyright in [a work]; and (2) that [the defendant] copied protected aspects of the work." *Douglas v. Warner Bros. Film*, No. 2:23-cv-02320-TLN-CKD (PS), 2023 WL 7305275, at *2 (E.D. Cal. Nov. 6, 2023) (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020)).  To maintain an infringement action, a plaintiff must have registered the subject work with the United States Copyright Office. *Id.* (citing 17 U.S.C. §

411(a)). Here, Plaintiff does not allege ownership of any copyrighted material, nor does he allege that he registered any copyright with the Copyright Office. Although he appears to claim that he has "copywrite office notary," this is not sufficient to demonstrate that he registered any work with the United States Copyright Office. Plaintiff's attached, notarized documents, which consist of a drawing and an indecipherable photograph, are not sufficient, nor is reference to the notary's commission number. (*See* Doc. 6 at 7, 8.) The attachments do not evidence registration of any work with the United States Copyright Office.

Because Plaintiff fails to allege that he registered any copyright with the Copyright Office, which is a necessary element of a copyright infringement claim, the complaint fails to state a claim for copyright infringement.

**C. Patent Infringement**

Although not entirely clear, Plaintiff may be attempting to assert a claim for patent infringement by reference to 35 U.S.C. § 271. (*See* Doc. 6 at 2, 6.) "To assert a patent infringement claim, a plaintiff 'should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement.'" *Green v. Yavruyan*, No. 3:21-cv-1045-GPC(BLM), 2021 WL 2790817, at *2 (S.D. Cal. June 8, 2021) (citations omitted). Here, Plaintiff does not allege that he owns any patent, nor does he allege the acts constituting any alleged infringement of that patent. Further, the attachments to the amended complaint do not identify any patents or allege Plaintiff's ownership of any patents. Because Plaintiff fails to allege that he owns a valid patent, which is a necessary element, the complaint fails to state a claim for patent infringement.

**IV.    Conclusion and Recommendation**

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

1    Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8 and failure state a cognizable claim upon which relief may be granted. The Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2025**             /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

5